UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO.:

| | |
|---|---|
| **PENN-AMERICA INSURANCE COMPANY** | ) |
|     **Plaintiff** | ) |
| | ) |
| **v.** | ) |
| | ) |
| | ) |
| **HARTFORD FIRE INSURANCE COMPANY,** | ) |
|     **Defendant** | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

The plaintiff, Penn-America Insurance Company, as and for its Complaint against the defendant, alleges and shows to the Court as follows:

## PRELIMINARY STATEMENT

1. This is a Civil Action in which the Plaintiff, Penn-America Insurance Company ("Penn-America") seeks declaratory relief pursuant to 28 U.S.C. §2201(a) regarding the rights, duties and obligations of the defendant Hartford Fire Insurance Company ("Hartford") vis-à-vis Super 99¢ Century, Inc. ("Super 99") under a policy of commercial general liability insurance Hartford issued to Home Dynamix, LLC ("Home Dynamix"). Penn-America further seeks an award of damages, including multiple damages, from Hartford based upon Hartford's willful violations of Mass. Gen. Laws c. 93A, §§2 and 11.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked under 28 U.S.C. §1332(a) on the grounds that:

    a) Diversity of citizenship exists between Penn-America and Hartford; and

    b) A liability claim has been asserted by Nancy McLean ("McLean") against, inter alia, Super 99 and Home Dynamix seeking damages for injuries she alleges

1

she sustained incurring medical expenses over $700,000 (the "McLean claim"). It is the question of insurance coverage for the McLean claim and the order in which coverage should apply under insurance policies issued by Hartford to Home Dynamix and Penn-America to Super 99 that is at issue in this action. The matter in controversy therefore exceeds $75,000.

3. Venue herein is proper under 28 U.S.C. §1391(a).

## PARTIES

4. Penn-America is an insurance company duly organized under the laws of the Commonwealth of Pennsylvania with a principal place of business in Bala Cynwyd, Pennsylvania.

5. Hartford is an insurance company duly organized under the laws of Connecticut with a principal place of business in Hartford, Connecticut.

## FACTUAL BACKGROUND AND INSURANCE POLICY LANGUAGE

6. Penn-America issued a commercial general liability policy to Super 99, Policy No. PAV0041361, that was in effect from October 20, 2014 to October 20, 2015 (the "Penn-America Policy"). A true copy of the Penn-America Policy is attached hereto as Exhibit "A".

7. On November 15, 2017, McLean filed a lawsuit in Suffolk Superior Court entitled *Nancy McLean v. Super 99¢ Century, Inc., Home Dynamix et al.*, Civil Action No.: 1784cv03730 (the "Complaint" or "Underlying Action") arising out of injuries she alleges to have sustained on June 18, 2015 after slipping on a bath mat (the "bath mat"). A copy of the Complaint is attached hereto as Exhibit B.

8. McLean alleges that the bath mat was defective because it did not have adequate non-skid backing. Ex. B, Ex. C, Pl.'s Answer to Interrog. No. 27 Propounded by Home Dynamix.

9. The Complaint alleges that Home Dynamix manufactured the bath mat. Ex. B.

10. The Complaint alleges that McLean purchased the bathmat from Super 99. Ex B.

11. Penn-America assigned defense counsel to defend Super 99 in the Underlying Action.

12. 166 Salem Street, LLC and United Properties, Inc. – co-defendants in the Underlying Action – have asserted cross-claims against Super 99 in the Underlying Action.

13. Hartford issued a "special multi-flex" insurance policy to Home Dynamix, Policy No. 13 UUN VU7065, that was in effect from May 20, 2014 to May 20, 2015 (the "Hartford Policy").

14. The Hartford Policy contained an endorsement entitled "Additional Insured – Vendors" which provided as follows:

> **This endorsement modifies insurance provided under the following:**
>
> **COMMERCIAL GENERAL LIABILITY COVERAGE PART PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART**
>
> **SCHEDULE**
>
> **Name of Additional Insured Person(s) Or Organization(s) (Vendor)**         **Your Products**
>
> [BLANK]                                                                      [BLANK]
>
> **Information required to complete this Schedule, if not shown above, will be shown in the Declarations.**
>
> A. Section II – Who Is An Insured is amended to include as an additional insured any person(s) or organization(s) (referred to below as vendor) shown in the Schedule, but only with respect to 'bodily injury' . . . arising out of 'your products' shown in the Schedule which are distributed or sold in the regular

**course of the vendor's business, subject to the following additional exclusions:**

1. **The insurance afforded the vendor does not apply to:**
a. **'Bodily injury' . . . for which the vendor is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages that the vendor would have in the absence of the contract or agreement.**
b. **Any express warranty authorized by you;**
c. **Any physical or chemical change in the product made intentionally by the vendor;**
d. **Repackaging, except when unpacked solely for the purpose of inspection, demonstration, testing, or the substitution of parts under instructions from the manufacturer, and then repackaged in the original container;**
e. **Any failure to make such inspections, adjustments, tests or servicing as the vendor has agreed to make or normally undertakes to make in the usual course of business, in connection with the distribution or sale of the products;**
f. **Demonstration, installation, servicing, or repair operations, except such operations performed at the vendor's premises in connection with the sale of the product;**
g. **Products which, after distribution or sale by you, have been labeled or relabeled or used as a container, part or ingredient of any other thing or substance by or for the vendor; or**
h. **'Bodily injury' . . . arising out of the sole negligence of the vendor for its own acts or omissions or those of its employees or anyone else acting on its behalf. However, this exclusion does not apply to:**
(1) **The exceptions contained in Subparagraphs d. or f.; or**
(2) **Such inspections, adjustments, tests or servicing as the vendor has agreed to make or normally undertakes to make in the usual course of business, in connection with the distribution or sale of the products.**
2. **This insurance does not apply to any insured person or organization, from whom you have acquired such products, or any ingredient, part or container, entering into, accompanying or containing such products.**

A copy of the Additional Insured endorsement is attached hereto as Exhibit D.

15. Super 99 has asserted in the Underlying Action that it did not design, manufacture or assemble the bathmat. Exhibit E, Super 99's Answer to Interrogatory No. 11 of Pl.'s Interrogs.

16. The Penn-America Policy contains an "other insurance" provision which states, in pertinent part, that the Penn-America Policy was excess to:

> **[a]ny other primary insurance available to you covering liability for damages arising out of the … products and completed operations, for which you have been added as an additional insured.**

Ex. A.

17. On February 21, 2019, the undersigned counsel, on behalf of Penn-America, sent a letter (the "February, 2019 Demand letter") to Hartford regarding Hartford's obligation to defend – and, if necessary, indemnify - Super 99 in connection with the Underlying Action. A copy of the February, 2019 Demand letter is attached hereto as Exhibit F as well as the signed copy of the return receipt card.

18. Hartford received a copy of the February,2019 Demand letter on February 25, 2019. Ex. F.

19. Hartford never responded to the February, 2019 Demand letter.

20. After not receiving a response from Hartford, undersigned counsel sent a follow-up letter to Hartford on November 21, 2019 (the "November, 2019 Demand letter"). A copy of the November, 2019 Demand letter is attached hereto as Exhibit G.

21. To date, Hartford has not responded to the November, 2019 Demand letter.

### COUNT I: DECLARATORY JUDGMENT – SUPER 99 IS AN ADDITONAL INSURED UNDER THE HARTFORD POLICY AND HARTFORD IS OBLIGATED TO DEFEND AND INDEMNIFY SUPER 99 IN THE UNDERLYING ACTION

22. The allegations contained in Paragraphs 1 through 21, above, are incorporated herein by reference as if they were fully set forth herein.

23. Super 99 qualifies as an additional insured under the Hartford Policy.

24. The Penn-America Policy operates only as excess insurance to the Hartford Policy's coverage relative to the claims asserted against Super 99 in the Underlying Action.

25. Hartford has a duty to defend Super 99 in the Underlying Action.

26. If McLean is successful in establishing liability against Super 99 in the Underlying Action, Hartford has a duty to indemnify Super 99 relative to any judgment recovered by McLean in the Underlying Action.

27. Hartford is obligated to reimburse Penn-America for all expenses it has incurred – and will incur - in defending Super 99 in the Underlying Action.

28. An actual controversy exists between and among the parties to this action with respect to Hartford's duty to defend and indemnify Super 99 in the Underlying Action.

**WHEREFORE**, Penn-America Insurance Company demands judgment in the form of a declaration that:

    A.    Hartford is required to defend Super 99 in the Underlying Action;

    B.    Hartford is required to reimburse Penn-America in full for all defense costs incurred to date in connection with the defense of Super 99 in the Underlying Action;

C.       If McLean is successful in establishing liability against Super 99 in the Underlying Action, Hartford is required to indemnify Super 99 relative to the Underlying Action; and

D.       Such other and further relief as the Court may deem meet and just.

**COUNT II: DECLARATORY JUDGMENT – THE HARTFORD IS OBLIGATED TO DEFEND AND INDEMNIFY SUPER 99 IN THE UNDERLYING ACTION BECAUSE HARTFORD'S INSURED, HOME DYNAMIX, IS LIABLE TO SUPER 99 ON A THEORY OF COMMON LAW/TORT-BASED INDEMNIFICATION**

29. The allegations contained in Paragraphs 1 through 28, above, are incorporated herein by reference as if they were fully set forth herein.

30. If Super 99 is held liable to McLean in the Underlying Action, such liability will be vicarious or constructive liability for the actual liability of Home Dynamix as manufacturer and seller of the allegedly defective product to Super 99 and Home Dynamix therefore would be obligated to indemnify Super 99 in the Underlying Action pursuant to a theory of common law/tort-based indemnification.

31. On January 25, 2017, before suit was filed, defense counsel for Super 99 sent a letter to Home Dynamix concerning it of its obligation to defend and indemnify Super 99 in connection with McLean's claims. A copy of the January 25, 2017 letter is attached hereto as Exhibit H.

32. On March 24, 2017, counsel for Home Dynamix denied Super 99's tender. A copy of the March 24, 2017 letter is attached hereto as Exhibit I.

33. Hartford, as the insurer of Home Dynamix's common law/tort-based indemnification exposure to Super 99, is obligated to defend and indemnify Super 99 in the Underlying Action.

34. An actual controversy exists between and among the parties to this action with respect to Hartford's duty to defend and indemnify Super 99 in the Underlying Action based upon Hartford's obligation to cover Home Dynamix for Home Dynamix's common law/tort-based indemnification obligation toward Super 99 relative to the claims asserted against Super 99 in the Underlying Action.

**WHEREFORE**, Penn-America Insurance Company demands judgment in the form of a declaration that:

    A.    Hartford is required to defend Super 99 in the Underlying Action;

    B.    Hartford is required to reimburse Penn-America in full for all defense costs incurred to date in connection with the defense of Super 99 in the Underlying Action;

    C.    Hartford is required to indemnify Super 99 relative to the Underlying Action; and

    D.    Such other and further relief as the Court may deem meet and just.

## COUNT III: HARTFORD HAS VIOLATED M.G.L. c. 93A AND/OR M.G.L. c. 176D

35. The allegations contained in Paragraphs 1 through 34, above, are incorporated herein by reference as if they were fully set forth herein.

36. Hartford has committed unfair claims settlement practices as delineated by M.G.L. c. 176D, §3(9) which declares, *inter alia,* the following to constitute unfair claims settlement practices:

> Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

> Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

>Failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;
>
>Failing to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

M.G.L. c. 176D, §§(3)(9)(b), (c), (f) and (n)

37. Hartford's violations of c. 93A were willful and knowing.

**WHEREFORE**, plaintiff Penn-America Insurance Company demands judgment against Hartford Fire Insurance Company in the form of a declaration that:

A. Hartford has committed an unfair claims settlement practice

B. Hartford's violation of M.G.L. c. 93A and/or c. 176D was willful and knowing.

C. Penn-America is entitled to an award of compensatory damages against Hartford in the full amount of all costs and expenses, including attorney's fees, incurred by Penn-America in the defense of Super 99 in the Underlying Action.

D. Because Hartford's violations of c. 93A were willful and knowing, Penn-America is entitled to an award of double or treble its actual damages against Hartford.

E. Such other and further relief as the Court may deem meet and just.

### COUNT IV: DECLARATORY JUDGMENT – THE HARTFORD IS OBLIGATED TO REIMBURSE PENN-AMERICA UNDER A THEORY OF EQUITABLE CONTRIBUTION AND/OR EQUITABLE SUBROGATION

38. The allegations contained in Paragraphs 1 through 37, above, are incorporated herein by reference as if they were fully set forth herein.

39. Super 99 qualifies as an additional insured under the Hartford Policy.

40. The Hartford and Penn-America are co-insurers of Super 99 with respect to the Underlying Action.

41. Pursuant to the terms of the Hartford and Penn-America Policies, the Penn-America Policy's coverage of Super 99 operates only excess of the coverage afforded by the Hartford Policy.

42. Penn-America is entitled to recover from Hartford the entire amount that Penn-America has paid to defend Super 99 as well as the full amount of any judgment or reasonable settlement that McLean may recover in the Underlying Action.

43. In the alternative, Penn-America at the least has a right of equitable contribution from Hartford for its share of defense expense that Penn-America has incurred and will incur in the defense of Super 99 in the Underlying Action as well as its share of any indemnity payments (if any) that may be required to be paid to McLean in the Underlying action, whether by judgment or reasonable settlement.

**WHEREFORE**, plaintiff Penn-America Insurance Company demands judgment against Hartford Fire Insurance Company in the form of a declaration that:

A. Hartford is obligated:

   a. under a theory of equitable subrogation to reimburse Penn-America for the full amount of defense costs and fees incurred in the defense of Super 99 in the Underlying Action as well as the full amount of any indemnity payments required to be paid on Super 99's behalf in the Underlying Action whether by judgment or reasonable settlement; or in the alternative

   b. under a theory of equitable contribution, Hartford is obligated to reimburse Penn-America for one-half of the total sum of defense costs and fees incurred in the defense of Super 99 in the Underlying Action as well as one-half the total amount of any indemnity payments required to be paid on Super 99's

behalf in the Underlying Action whether by judgment or reasonable settlement.

B. Such other and further relief as the Court may deem meet and just.

**PENN-AMERICA DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

        **Penn-America Insurance Company,**
        **By its Attorney,**

        */s/ Richard J. Riley*

        **Richard J. Riley, BBO# 420610**
        **Melissa S. Arnold, BBO# 655292**
        **MURPHY & RILEY, P.C.**
        **125 High Street, Suite 2311**
        **Boston, MA 02110**
        **(617) 423-3700**
        **rriley@murphyriley.com**
        **marnold@murphyriley.com**

**Dated: 12/20/19**